The following was this Court’s opinion.
The Court,)
not deciding whether a Deed of emancipation of slaves, of which another holds adverse possession at the time, is competent to confer a right to freedom,) is of opinion, that the admitted possession by John Reynolds, under whom the appellant claims, of the appellee, and the other slaves in the first Bill of exceptions mentioned, being more than five years before the alledged Deed of Emancipation was executed, the appellant had a right to prove that such possession was adverse to Thomas Reynolds, the former owner of said slaves, either by the acknowledgment of said Thomas, that such possession was adverse, (as that they were held by said John as a purchaser from him, or otherwise by adverse claim*) or by any other evidence proving the adversary nature of such possession; and that it should have been left to the Jury to decide whether such declarations were made before or after the execution of the said Deed; with directions that any such declaration made thereafter should be rejected by them.
The Court is also of opinion, that a bill of sale of personal property, (not being necessary to pass the title,) need not be shewn in evidence by persons claiming under the grantee, in a controversy between them and the grantor, or those claiming under him; but that *201 the former may prove, by any other legal evidence, a title in the person under whom they claim; and that such grantee or his representatives may prove their title by other evidence than the Bill of Sale, unless it is alledged that such Bill of sale contains other matter than the mere transfer of the property, (and of which the grant-ox*, ox* those claiming under him, might avail themselves,) and notice he given to produce it; but in neither case can the substance or contents of the Bill of Sale he given in evidence without due affidavit by the pax*ty, or other satisfactory proof of it’s loss, or that it is not in the power of the party so offering the evidence. The Coux*t ei*rcd therefore in rejecting the evidence of the declarations of Thomas Reynolds, and the other evidence offei'ed to prove a sale by him; and also in rejecting the evidence of the witness Hancock, so far as it tended to prove an advex*sary possession in the said John Reynolds; but that the same ought not to have been relied upon as. tending to px*ove the contents of the Bill of Sale, in the absence of sufficient proof that the same was not then in, the possession or power of the party.
The Court is farther of opinion that the alledged deed of emancipation, (made part of the record in this Bill of exceptions,) not being acknowledged or proved in the Court of the County or Corporation, as the law directs, was not so authenticated as to make it evidence in the trial, nor ought to be received as such evidence until it shall be pi’oved or acknowledged before the propop Court.
The Court is also of opinion, that there was no ei*ror in rejecting the evidence mentioned in the third Bill of Exceptions; and that, as the instruction contained in thq fourth Bill of Exceptions was predicated on the 1-ejec-tion of the evidence mentioned in the first, the same was erroneous;—that there was also no error in refusing to give the last instruction asked for and stated in the said fourth bill of exceptions; but, instead of leaving the matter thereof to the J ury, they ought to have been instructed, that, if the possession of John was adverse to that of Thomas, and so continued for dye years before the *202 execution of tlie deed of emancipation, such possession as effectually prevented the operation of that Deed, as the change of property by alienation.
With respect to the deposition mentioned in- the second hill of exceptions, a majority of the Court is of opinion that,, as it sufficiently appears to have been taken under a Commission, and upon notice, and as the same is not shewn to have been erased or altered, and as, for aught appearing by the Clerk’s endorsement, it may have been returned open by the magistrates themselves, it would be too strict to reject it as evidence at the trial; and that there is error in the judgment of the Court in this particular.
The Judgment is to be reversed, and the cause remanded, with directions to the Court to admit the evidence, so improperly rejected, if again offered.